

Abraham Ramon Sosa Montoya
Nevada Southern Detention Center
2190 East Mesquite Ave.
Pahrump, NV 89060

    Pro-Se

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ABRAHAM RAMON SOSA MONTOYA<br>   plaintiff | CIVIL RIGHTS<br>COMPLAINT<br>PURSUANT TO<br>42 U.S.C. ss 1983 |
| v. | & 1985 |
| CORE CIVIC OF AMERICA INC.<br>THE UNITED STATES MARSHALL SERVICE<br>U.S. MARSHAL REYHEART<br>STEWARD HEALTH CARE SYSTEM<br>WARDEN : KlEiN OFThE<br>(CENTRAL ARIZONA FLORENCE COMPLEX)<br>DR. JOHNSON<br>R.N. SOCYEON SHIM<br>IPN. YOKO VARGAS<br>R.N. BREA LAUSON<br>R.N. JEANNA OHISON<br>N.P. GAUNA G. -et al. | **CV25-03528-PHX-JAT--CDB** |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
PRISONER COMPLAINT

Basis for Jurisdiction

  Under 42 U.S.C. ss 1983 you may sue State and local officials for the deprivation of any rights, privileges or immunities secured by the constitution and federal laws under Bivens v. Six unknown agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). You may sue federal officials for violation of certain Constitutional rights. Mr. Montoya comes now with a suit against the following:

 Under 42 USC ss 1983 you may sue state or local officials for the deprivation of any rights, privileges, or immunities secured by the constitution and federal laws. Under Bivens v. Six unknown named agents of federal bureau of narcotics, 403 US 388 (1971), you may sue federal officials for the violation of constitutional rights.

A. JURISDICTION

  This complaint alleges that Constitutional civil rights protected by the United States Constitution and all entities and agencies of said Plaintiff Ramon Sosa Montoya; a pretrial detainee

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LRCivT G.4
    (Rule Number/Section)

1.

who is presently at the Nevada Southern Detention Center (NSDC) were violated by the inactions as well as the actions of said defendants named below.

NSDC is located at:  2190 East Mesquite Ave., Pahrump NV, 89060

The individuals in this complaint are responsible for; either directly or indirectly the violations against the plaintiff at the Core Civic facility in the Central Arizona Florence Complex at:

1155 N. Pinal Parkway (P.O. Box 1048), Florence Arizona 85232.  here forth referred to as : The Florence Complex.

## THE DEFENDANTS

1) Defendant Core Civic Inc. has a headquarters at:
5501 Virginia Way Suite 110, Brentwood Tennessee 37027

This defendant is being sued in their:

**X** Official capacity and individual capacity. Explaining how defendant was acting under color of state and government law: This defendant is a government policing agency that is to protect and serve the public interest of the residents of the United States of America and the State of Arizona by housing prisoners in custody for State and Federal Agencies and thus are employed by the U.S. Government.  Core Civic of America is a private company with governmental powers and protections who serve local and governmental interest to keep and house pretrial and post-trial in the custody to protect the public in which is a government policing agency that is to protect and serve the public interest of the residents of the United States of America.

Core Civic of America is a private prison industry with shareholders in public office and or working for the U.S. Government creates a inevitable conflict of interest and inherent  Constitutional violation. Core Civic is contracted by the United States Marshal Service and is presumably required to adhere to the same policies and standards that the Marshal Service are required to follow by Constitutional mandate when dealing with Federal prisoners and detainees.  This defendant is being sued in their official capacity explaining how this defendant was acting under color of State law: This defendant is a Government policing agency that is to protect and serve the Public interest of the residents within the United States of America and the State of Arizona by housing prisoners in custody for State and Federal agencies and thus are employed by the U.S. Government.

This defendant Core Civic of America is a private company with governmental authority and protections that serves local and government interest to keep and house pretrial and post trial prisoners in custody to protect the public.  Core Civic is paid by the U.S. Government.

2) Defendant Marshal Reyheart

This defendant is being sued in their:

**X** Official & Individual capacity, explaining how defendant was acting under color of State and Federal Law:  Marshal Reyheart is a United States Marshal in charge of overseeing the day to day operations and that they do not open the United States Government up to liability due to private negligence. She supervises and enforces the governments policies on how the U.S. Marshals want certain things to be run at the prison, and thus is the official federal agent who directs government interests at the facility in the Central Arizona Florence Complex. She has a duty to ensure that those to whom she delegated functions and duties perform appropriately. By failing to supervise and administer proper medical care for Prisoners under the U.S. Marshals service custody the plaintiff was subjected to extreme pain and suffering that resulted in MR. Sosa coding and dying 3 times before being stabilized. Marshal Reyheart is employed by the DOJ as a supervisor of operations at the Core Civic facility (The Central Arizona Florence Complex-Central Arizona Detention Center) overseeing government interests and officers that protect and serve the United States Citizens.

3) Defendant Steward Healthcare Systems

This defendant is being sued in their:

**X** Official & Individual capacity. Explaining how this defendant was acting under color of State and Federal Law: Defendant Steward Healthcare Systems, Inc. Steward Health Care Systems is a private entity that provides health care services for CADC Florence Complex and other prison in the United States of America. This company has a duty to provide proper healthcare; a continuing duty to ensure that those to who they provide care for are treated with dignity and respect as well as Hippocratic responsibilities to the patients they provide for; medical protocols and support serious medical attentions.  Inadequate medical care would result in serious risk and harm and in this case, death. These employees are paid to serve in the best interest of the prisoners at all times.

4) Defendant Warden Klein

This defendant is being sued in their:

**X** Official & Individual capacity

Defendant Warden Klein at the Core Civic Central Arizona Florence Complex P.O. Box 1048 Florence Arizona 85132. Explaining how this defendant was acting under color of State and Federal law: This defendant is a government agent through a private entity that is employed by a government entity and serves the interest of the U.S. Government and is in charge of the day to day operations of said facility.  His duty is to ensure the protection of the public as well as adhere to the prisoners constitutional rights of any and all prisoners in his/her care.

3.

5) Defendant Dr. Johnson

This defendant is being sued in their:

<u>X</u> Official & Individual capacity. Acting under The color of State and Federal Law:

Defendant Dr. Johnson resides in the State of Arizona ad is employed as a Medical Doctor for the Steward Health care system medical provider company. A private entity which works for and is ultimately employed by both Core Civic and the U.S. Government at the Central Arizona Florence Complex. Explaining how this defendant was acting under color of State law: Thus defendant is the head medical supervisor at the Core Civic in Central Arizona Florence Complex and works as a Doctor with all the obvious responsibilities of an emergency medical care provider and is licensed to practice medicine in the great state of Arizona. Through Steward Health Care system; the medical provider company hired and contracted to treat all prisoners at the prison.

6) Defendant R.N. Socyeon Shim

This defendant is being sued in their:

<u>X</u> Official and individual capacity Acting under The color of State and Federal Law:

Defendant Socyeon Shim resides in the state of Arizona and is employed by Steward Healthcare System by and through Core Civic; a private entity which in turn works for the U.S. Government and provides housing needs for the prisoners at the central Arizona Florence Complex in the State of Arizona. Explaining how this defendant is acting under color of State and Federal Law: This defendant is a registered nurse and works for the Steward Healthcare System, a private entity that is contracted by Core Civic of America Inc. another private entity which is, in turn, contracted and employed by the U.S. Federal Government to house and keep Federal and State Prisoners under care and custody of the U.S. Government. An on sight nurses job is to ensure the health and medical needs of any and all patients at the Central Arizona Florence Complex. Insuring that prisoners are properly taken care of and and have access to proper medical care is a constitutional right. That right becomes the responsibility of the entity and individuals who are contracted to detain prisoners. It does not end the constitutional right, regardless of the layers of legalese, LLC.s, and deferred responsibility of corporate layering. This employees swore a Hippocratic oath to serve and ensure that all people under her care are taken care of to the best of her ability and works under the same medical policies by Steward Health Care services which is under contract to serve public interest of the residents of the United States and the State of Arizona.

7) Defendant IPN Yoko Vargas

This defendant is being sued in their:

<u>X</u> Official and Individual capacity Acting under the color of State and Federal Law:

Defendant IPN Yoko Vargas is a charge nurse at Core Civic and is employed by Steward Health

4.

Care System, a medical provider at Central Arizona Florence Complex and resides in the State of Arizona.   Explaining how this defendant is acting under color of State and Federal Law: This defendant is a registered nurse and works for the Steward Healthcare System. Steward Health Care System is a private health care provider who works for Core Civic of America Inc. which is a private that in turn is employed by the U.S. Government that provides the medical needs for thousands of prisoners throughout the United States for State and Federal prisoners including prisoners at the Central Arizona Florence Complex in Arizona who works under the policies of a federal entity.

8) Defendant RN Brea Lauson

This defendant is being sued in their:

__X__ Individual capacity. Acting under the color of State and Federal Law

Defendant is a registered nurse at Core Civic and is employed by Steward Health Care System; a medical provider under contract and employed by Core Civic of America Inc. a private entity who in turn is employed by the federal government and adheres to governmental customs and policies at the Central Arizona Florence Complex. She resides in the state of Arizona. She in turn works for a federal entity through a private entity contractor. Explaining how this defendant was acting under the color of state and federal law: This defendant works as a registered nurse performing medical duties as a nurse for Steward Health Care System as Core Civic, a private prison entity which has a medical provider contract and in turn provides for the medical needs of any and all State and Federal prisoners at Core Civic Facilities that are contracted by governmental entities.  The R.N's job is to insure that proper health and safety as well as all medical needs are met at the Central Arizona Florence Complex so that prisoners medical needs are provided for within medical protocols and company policy and treat medical issues with prisoners within governmental and federal constitutional standards and granting fair care to ll prisoners under her watch. A nurses job is to work in a medical professional capacity to serve the medical well being in the best interests of the U.S. Government and local government, as well as all prisoners that are in their care.

9) defendant Nurse Practitioner Guana G

This defendant is being sued in their:

__X__ Individual capacity. Acting under the color of State and Federal Law

Defendant Guana G. is a L.P. that works at the Core Civic facility located at the Central Arizona Florence Complex which is contracted and employed by Steward Health Care System; a medical provider company under contract by Core Civic of America Inc by and through and thus employed by the U.S. Government which is a federally protected entity. Explaining how this defendant was acting under the color of Sate and Federal law: The defendant works as a medical nurse for the Steward Health Care System at Core Civic; a Private Prison Entity which has a contract with Steward Health Care who provides for the medical needs of State and Federal prisoners. The nurses job is to ensure the health safety and medical needs of any and all patients at the Central Arizona Florence Complex. It is a Constitutional right for all prisoner to have access to proper healthcare and that their needs are met while under detention of the U.S. Government.  Nurses work in the professional capacity to serve the medical interests of the U.S. Government and the prisoners under their care within the United States and the State of Arizona.

Jurisdiction is invoked pursuant to 42 U.S.C. ss 1983, 1985 and 28 U.S.C. ss 1343 (a)(1)(3). If you wish to assert jurisdiction under different or additional statutes list them below:
28 U.S.C. Ss 1331 and 28 U.S.C. 33 1332 (a)(c)(1).

## B. NATURE OF THE CASE

The plaintiff Abraham Ramon Sosa Montoya files this Pro-Se action against the above stated defendants alleging that defendants on 10-13-2022 deliberately failed and with great indifference refused him proper medical care and ignored medical needs showing signs of an impending heart attack. These defendants violated the Plaintiffs 8th and 4th amendment rights according to the United States Constitution; ultimately subjecting him to cruel and usual punishment and unnecessary harm, brutal medical malpractice, deliberate indifference to clear and valid critical medial needs. The plaintiffs injuries are a direct result of the unnecessary and wanton infliction of pain and with delay to treat a serious medical need that lead to the plaintiff suffering further injury. This purposeful act to not follow proper medical protocol and deny medical care when plaintiff was begging for help is not just a lapse in judgment; because Sosa clearly explained the urgency and pain he was dealing with, this was an intentional act of medical indifference and shows disregard for human beings serious medical needs, causing serious medical harm. The failure to take reasonable and responsible measures to abate further harm is appalling. Denial of medical care is a claim that can be demonstrably proved in this case. The defendants refused to treat him further ignoring his pleas and sending him back to the unit without so much as a aspirin that could have helped him from coding. The failure to provide medical care to Mr. Sosa has left him suffering with serious life long recurring injuries and is holding the defendants liable and accountable for their decisions to outright refuse him normal medical care. That decision was extremely reckless; consciously disregarding a patients pain and suffering and subjecting him to serious harm. They collectively failed to his medical condition of hypertension and high blood pressure and denied him access to any effective medical care or treatment. This is above the threshold for negligence and presents as deliberate indifference to Mr. Sosa's life. To knowingly disregard a human beings constitutional right to health care and refusal to treat his ailments. Despite their knowledge of a substantial risk to his health resulting in serious bodily harm. As such they must be held liable under the requirements under the 4th and 8th amendments of the United States Constitution.

Plaintiff was incarcerated and housed at a Core Civic facility in the Central Arizona Florence Complex. This private prison is being run by a private entity employed through a government entity; which in turn, are responsible for and oversees the health and welfare of the Federal and State prisoners that are in their custody and care. Requirements to be treated with considerations for the rules, policies and regulations set forth by the federal government. During his stay at the Central Arizona Florence Complex the plaintiff reported to facility staff that he was not feeling well complained of symptoms of labored breathing and chest pains. He was very concerned about what was happening to him and asked to see a Qualified Health Care Provider immediately.. He was told to fill out a medical kite to be seen by staff who then joked that the plaintiff "has to hit the ground dead before he could be seen". This was on October 7 2022. The plaintiff submitted a medical kite to the on call nurse who stated that Mr. Sosa would be seen when they processed the medical kite on October 12 2022. The plaintiff symptoms proceeded to degrade. He stared feeling extremely dizzy and felt a tightening in his chest. He mentioned this repeatedly to the officers in the unit and the pill call nurse who told him he had to wait to be seen by Sick Call the following day. He had mentioned that he had drank coffee and that he did not know if that was contributing to the reason he was in distress. At that point the nurse took his vitals and became concerned as she observed high blood pressure, hypertension and possible signs on a heart

6.

attack. She then called the Doctor to inform him of the serious situation giving him an in depth report of the plaintiffs medical condition. R.N. Scyeon Shim called Dr. Johnson stating that the plaintiff was showing signs of a impending heart attack and Dr. Johnson instructed the nurse to set an appointment to be seen later for treatment for hypertension and to send him back to the housing unit because there was nothing they could do for the plaintiff at that point; essentially denying him life saving medical treatment and failing to treat his serious medical needs that led to him having a massive heart attack. Dr. Johnson's deliberate indifference led to the plaintiff suffering further harm and injury. Before leaving the medical department the plaintiff asked if he would be getting any treatment or medication before being sent back to the unit. R.N. Shim said "No" and that he would be called back to medical when they were ready to treat him. When Mr. Sosa arrived back to his unit he continued to degrade and was disoriented. Overwhelming pain in his chest made breathing unbearable. Mr. Sosa tried to drink water before laying down but never made it to his bed. His head hit the concrete floor leading to his seizure as other prisoners performed CPR keeping the plaintiff alive long enough for the medical team to arrive. No officers bothered to help and had no training. When the medical team came to help after the code was called out over the radio it would be recorded in the CCA log book as an elapse of 20 minutes. The plaintiff was then treated with 4 does of Narcan which caused more medical injury in an attempt to cover up the earlier denial of treatment. The on site medical providers stood by and did as other non medical acted in his interest. The plaintiff asserts that Core Civic and Steward Health Care systems as well as the U.S. Government and its employees systematically failed the plaintiff and violated his right to be free from cruel and unusual punishment. When prison doctors, medical staff as well as officers are deliberately indifferent to a prisoners serious medical condition or needs it qualifies as cruel and unusual punishment (Richmond. 885 F. 3d at 937. Quoting Comstock v. McCrary 273.F.3d 693, 702 (6th cir 2001)).

A constitutional claim for deliberate indifference contains both an objective component requiring a plaintiff to show the existence of a sufficiently serious medical need (Dominguez v. Corrmed, Servs 555 F.3d 543, 550 ( 6th cir 2009). Quoting Farmer 511 U.S. At 834). The subjective component in contrast requires a plaintiff to allege facts as the plaintiff here has and will show further which, if true, show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner that they did in fact draw inference and that they disregarded that risk *Id* (quoting Comstock, 273 F. 3d at 703 ). The medical misconduct that took place on this day was criminal. Written reports and video feed from the incident should have been saved and weighs in favor of the accounts stated by the plaintiff.

On 10-13-2025 Plaintiff Abraham Ramon Sosa Montoya suffered from a massive heart attack while in the care and custody of the United States Marshal Service, Core Civic of America Inc., Steward Health Care System Inc., Warden Klein of the Core Civic detention center of the Central Arizona Florence Prison Complex, Dr. Johnson, R.N. Socyean Shim, I.P.N. Yoko Vargas, R.N. Brea Larson, R.N. Jeanne Ohison, and N.P. Guana G failed in protecting and preventing the plaintiff from the deliberate indifference that violated his Constitutional rights to be free from cruel and unusual punishment causing him suffer pain and suffering. The injuries the plaintiff sustained at the hands of this defendants could have been prevented. Dr. Johnson was cruel for denying the plaintiff any medical care at the time he presented himself to the Core Civic Medical Department to be treated for a serious medical need due to the delay and denial of any medical care the plaintiff was sent back to his unit to fend for himself as his health continued to decline. The denial and delay in, in part, caused by the private prison whose ultimate concern is to their shareholders bottom line. Private Prisons are simply a Constitutional violation. The policies and restrictions of care that are mandated to cut costs for shareholder profit infringe on the rights of the people. The defendants that inflicted such harm, pain, and suffering as well as unnecessary cruel punishment had no legitimate penological purpose. From the conduct of the above

mentioned defendants, which shows outright indifference to the plaintiff and frankly the citizens that give the government its authority.  It is unsustainable model of policing and imprisonment. At a cost of $52,000 per inmate per year, any amount of incarceration of the poorest that enables the corruption of the wealthy simply becomes defacto form of slavery.   The Plaintiff can prove with the corporate structure and capital investment table of Core Civic Inc. that there is malfeasance at a scale that makes triage critically necessary.  The absence of a reasonable decision to at least keep Mr. Sosa for observation and follow proper basic medical protocol would have kept the plaintiff from pain and life long injuries. Any injury or illness is sufficiently serious if the failure to treat a prisoners condition could result in further significant injury or unnecessary or wanton infliction of pain. (McGuckin v. Smith (74. F.2d 1050, 1059 (9th cir 1992) Doty v. County of Lassen, 37 F.3d 540, 546 (9th cir 1994)).

Mr. Sosa was refused medical treatment at the time that he asked for emergency help. The absence of reasonable medical care and outright denial of medical treatment for the plaintiffs serious needs weighs in favor of a finding of Constitutional violation.  Mr. Sosa has suffered insurmountable amounts of pain and the irreversible damage done to his body that will effect the quality of his life for the duration of it.

Relief must be granted to insure justice for all constitutional violations he has and continues to endure. When a person is taken into custody all of this responsibility befalls on the Prison, staff and Government to insure the care of the individual who no longer has the capability to provide for themselves.  This is the one thing that sets the United States republic democracy apart from its authoritarian counterpoints. For the first time in human history We The People are CITIZENS and not subjects, serfs or slaves to be used and discarded by a corrupt king or tyrant. We The People allow the U.S. Government to manage the necessity of law enforcement and, when necessary, incarceration with due diligence to the adherence of Constitutional rights.  We, collectively and individually, are beholden to the Constitution, not the shareholders of Core Civic Inc or the politicians that they lease. It is critical nuance that keeps any civilization from devolving into authoritarianism.  If they are privileges then they are not rights. We have sleep walked into a very precarious position in the interests of the shareholders of Core Civic Inc. This is how democracy dies.

## CAUSES OF ACTIONS

Plaintiff alleges that his 4th, 5th, 8th, and 14th amendment Constitutional rights, privileges, or immunities have been violated by the following defendants:  Core Civic of America Inc., The United States Marshal Service, U.S. Marshal Reyheart, The Department of Justice, Steward Health Care Systems, Warden Klein, Dr. Johnson, R.N. Socyean Shim, I.P.N. Yoko Vargas, R.N. Brea Lauson, R.N. Jeanne Ohison, and N.P. Guana G.  The following facts form the basis for his allegations of equal protection under the law and due process; cruel and unusual punishment and failure to protect with reckless disregard for life and limb through deliberate indifference of plaintiffs serious medical needs, inflicting pain unnecessarily (Relly v. Vadlamundi, 680 F.3d 617, 623 (6th cir)).

Plaintiff asserts the following claim against defendants (1). Violation of the 8th amendment (as incorporated against the States by the 14th amendment); (2) Violation of the right to substantive due process guaranteed by the 14th amendment; is a due process violation for failure tp provide medical care to the plaintiffs serious needs and injuries. (3). 4th amendment objectively unreasonable and caused his injuries  (by 14th amendment). McCann v. Ogle Cty. 909 F. 3d 881, 886 (7th cir 2018) (14th amendment).Florek v. Vill of Mundelein, 649 F.3d 594, 600 (7th cir 2011) 4th amendment; a claim against prison medical services to a prisoner by contracted medical professional: even if the providers were entitled to seek qualified immunity, the defense was not applicable as the contours of the prisoners 4th amendment rights were sufficiently clear that a reasonable official would understand that

what he was doing was violated that right throughout the period of the prisoners detention.  To be safe from cruel and unusual punishment.  The state has a constitutional duty as well as the federal government to provide adequate medical treatment to those in its custody. Constitutional claims may be brought against medical care provides regardless of the precise terms of their employment when they voluntarily assume that obligation by contract.  This basic principle first announced in the 8th amendment context apples with equal force to claim brought by pre-trial detainees who have not yet had a probable cause hearing. From the perspective of the arrestee it matters not whit whether it is the jailer or the doctor whose conduct deprives him of life saving medical care.  This is why the 4th amendment cases speak broadly of claims involving the provision of medical care, not simply the denial of medical care by a jailer. (Currie v. Chhabra 728 F.3d 626, D'Braunstein v. Diaz-Durazo, 131 F. 4th 764.  (obvious symptoms of distress indicated: Enriquez-Perdomo v. Newman, 2025 U.S. App Lexis 21313.

## COUNT I

The 14th Amendment: (equal protection due process clause violation)

Supporting Facts:

On 10-13-2022 Mr. Sosa was denied medical treatment. Mr. Sosa brings this claim under the Due Process clause of the 14th amendment. He alleges that the unreasonable denial of any medical treatment violated his due process rights. This is a substantive due process claim in Maldonado v. Town of Greenburgh, 460 F. Supp 3d 382, 395 (S.D.N.Y. 2020) (outlining the standards of such a claim) Mr. Sosa is a pretrial detainee. All defendants in this complaint willfully had a hand in violating the plaintiffs 14th Amendment rights by willfully, knowingly, and intentionally showing deliberate indifference thru policy and or customs and did it knowing the substantial risk of serious harm to plaintiff and other prisoners. Because of these policies by not providing Mr. Sosa with any medical treatment for his impending heart attack. The deprivation of medical treatment for an extended period amounted to punishment. These defendants were objectively unreasonable considering what the defendants knew about the plaintiffs medical condition and should have done, ultimately depriving the plaintiff of his rights as secured by the 14th amendment, including his right to due process. Defendants all acted unreasonably by refusing to give the plaintiff medical treatment for his emergency medical needs. Their denial of the emergency treatment was not reasonably related to a legitimate non punitive government purpose.

The following defendants are culpable in the violations against the plaintiff: Core Civic of America Inc. , United States Marshal Reyheart, Steward health Care Systems Inc, Warden Kline of the Florence CCA Complex, Dr. Johnson, R.N. Socyean Shim, I.P.N. Yoko Vargas, R.N. Brea Lauson, R.N. Jeanne Ohison, N.P. Guana G.

Mr. Sosa has been subjected to unnecessary pain and suffering by and through cruel and unusual punishment. The defendants failed to protect him from these violations.

## COUNT II

The 8th Amendment: (prohibition of cruel and unusual punishment based on deliberate indifference to serious medical needs).

Supporting Facts:

9.

The 8th ame4ndment prohibition of cruel and unusual punishment requires prison officials to ensure that prisoners receive adequate food, clothing, shelter and medical care; and to take reasonable measures to guarantee the safety of the prisoners. As noted above, all of the plaintiffs claims in this matter are based on deliberate indifference's to plaintiffs serious medical needs. The medical need qualifies as sufficiently serious if it has been diagnosed by a physician as mandating treatment or if its so obvious that even a layman would easily recognize the necessity of a doctors attention. (Paugh, 47 F.4[th] at 1154-55). Medical delays can be sufficiently serious if they cause substantial harm as permanent loss or considerable pain. (Lance v. Morris, 985 F. 3d 787, 793 (10th cir 2021)).

Defendants Core Civic of America Inc, Steward Health Care Systems Inc, The United States Marshal Service, Agent Reyheart of the U.S. Marshals Service,  Warden Kline, Dr. Johnson, R.N. Soycean Shim, I.P.N. Yoko Vargas, R.N. Brea Lauson, R.N. Jeanne Ohison, and N.P. Guana G. have a continuing duty to ensure that those to whom they delegate  functions and/or duties performed those duties appropriately. These defendants have recklessly and knowingly violated the plaintiffs constitutional rights by failing to manage, support, supervise, and administer adequate medical care disregarding all of the plaintiffs impending signs of a major heart attack and disregarded  the serious risk of harm by denying him timely treatment. The lack of importance and responsiveness. The lack of humanity of a persons medical urgency to be treated properly and being denied of said medical care is more than just unacceptable but criminal in itself. The plaintiff was at the mercy of the defendants and could only rely on their help whenever a medical issue arose, placing his life in the hands of heartless unprofessional staff.  Th plaintiff suffered a grand mal seizure followed by a massive heart attack due to the deliberate indifference shown by all staff involved.  The facts are the plaintiff asked to be evaluated and treated for his obvious distress. Plaintiff requested to be seen by a Doctor for his symptoms he was not treated and sent back to the unit in distressed condition where he continued to deteriorate resulting in life long  injuries that caused him to lose one eye and lose 75% of his vision in the other.  Mr. Sosa now suffers from respiratory damage and only 30% of his heart function that requires a pacemaker and permanent brain damage due to coding and dying twice.

## COUNT III

The 5th Amendment: Due process clause violation. Deliberate and indifference to serious medical
needs and respondent superior to insure that a patient is afforded adequate medical treatment.

On 10-13-2022 Plaintiff Mr. Sosa had his rights to adequate medical care violated when he was denied proper medical  treatment for his serious medical needs with deliberate indifference. This led to him having a major heart attack. Plaintiff alleges that all defendants are culpable for the violations of his rights during his stay at the hands of Core Civic of America Inc., The U.S. Marshal Agent Reyheart, Steward Health Care Systems, Warden Kline of the Core Civic facility at Florence, Dr. Johnson, R.N. Socyean Shim, I.P.N. Yoko Vargas, R.N. Brea Lauson, R.N. Jeanne Ohison, and N.P. Guana G. denied treatment and failed to follow proper medical procedures when a patient presents symptoms of an impending heart attack. His injuries were a direct effect and result of the failed policies, culture and custom, and negligent practices within the private prison system that has become a for profit model of corruption.  Mr. Sosa's request to receive treatment being denied by the defendants violated his 5th amendment rights. The 5th amendment protects people that are pretrial prisoners from the due process violations are intended to provide protections even greater than the 8th amendment. (Bell v. Wolfish 441 U.S> 520, 535 (1979)).

The 8th amendment which applies to persons convicted of criminal offenses allow punishment as long

as it is not cruel and unusual but the 5th amendment due process protections do not allow pretrial punishment. Prison officials are deliberately indifferent to a prisoners medial needs when they have a policy and practice, or take ti upon themselves to deny, refuse, or delay or intentionally interfere with the medical treatment that could be lifesaving or stop the cause of further injury to a prisoner who has no other options but to rely on the people who are entrusted to provide for the well being of those in their care. (Wood v. Housewright 900 F.2d 1332, 1334 (9th cir 1990)). quoting Hutchinson v. United States 838 F.2d 390, 394 (9th cir 1988) Deliberate indifference may also be shown when prison officials fail to respond to a prisoners pain and suffering or possible medical needs Jett 439 F.3d at 1096.

COUNT III

The 5th Amendment: Due process clause violation to the U.S. Constitution. Deliberate indifference to serious medical needs and respondent superior to ensure that a patient is afforded adequate medical treatment.

On 10-13-2022 Plaintiff Mr. Sosa had his rights to adequate medical care when he was denied proper attention and refused medical treatment to his serious medical needs with deliberate indifference leading up to his major heart attack. Plaintiff alleges that all defendants are culpable for the violations of his rights during his incarceration at the hands of Core Civic of America Inc., The U.S. Marshal Agent Reyheart, Steward Health Care Systems, Warden Kline of the Core Civic facility at Florence, Dr. Johnson, R.N. Socyean Shim, I.P.N. Yoko Vargas, R.N. Brea Lauson, R.N. Jeanne Ohison, and N.P. Guana G. The denial of treatment or to follow proper medical practices when a patient presents symptoms of an impending heart attack. His injuries were a direct effect and result of policies, customs, and practices within the politics that govern private prisons such as these. Mr. Sosa's request to receive medical care, pain suffered and injury due to deliberate indifference incurred on him by the defendants; preventing him from receiving a Constitutional right. The 5th amendment protects people that are pretrial prisoners from the due process violations; which protections are even greater than the 8th amendment Bell v. Wolfish 441 U.S. 520, 535 (1979).

The 8th amendment which applies to persons convicted of criminal offenses allow punishment as long as its not cruel and unusual bu the 5th amendment due process protections do not allow pretrial punishment. Prison officials are deliberately indifferent to a prisoners medial needs when they have a policy and practice, or take ti upon themselves to deny, refuse, or delay or intentionally interfere with the medical treatment that could be lifesaving or stop the cause of further injury to a prisoner who has no other options but to rely on the people who are entrusted to provide for the well being of those in their care. (Wood v. Housewright 900 F.2d 1332, 1334 (9th cir 1990)). quoting Hutchinson v. United States 838 F.2d 390, 394 (9th cir 1988) Deliberate indifference may also be shown when prison officials fail to respond to a prisoners pain and suffering or possible medical needs Jett 439 F.3d at 1096.

COUNT IV

The 4th Amendment requires reasonableness in response to caring for detainees.

Supporting facts:

On 10-13-2022 Plaintiff Abraham Ramon Sosa Montoya approached CCA staff complaining of labored breathing, pain in his chest, and feeling dizzy and weak. All painted the signs and symptoms of an impending cardiac event. Sosa was sent to medical where he had been assessed by a nurse named

11.

Socyean Shim. R.N. Shim noted the irregularities including elevated pulse, high blood pressure, and signs of physical distress.  R.N. Shim called Dr. Johnson who heard the R.N.'s assessment and stated that there was nothing they could do about it at the moment; failing to follow proper medical practice. Mr. Sosa was not kept for observation or given any medication to deal with the elevated blood pressure. Both Nurse and Doctor failed their patient due to the fact that Mr. Sosa was an inmate. If Mr. Sosa had presented himself to emergency care in a hospital he would have had adequate treatment and protocols would have been followed for a patient showing classic signs of impending heart attack.. Mr. Sosa suffered in the hands of the very people who have been sworn to take care of.  The deliberate indifference and out right denial of medical treatment was irresponsible reckless and unprofessional. Est. of Carter v. City of Detroit, 408F 3d 305311-12 (6th cir 2005).. The staff despite being laymen can be expected to know that a person showing all the warning signs of an oncoming heart attack needs immediate treatment in order to avoid death . (see Id at 312). A jury could find that the Doctor and Nursing staff as well as their employers had an obvious obligation to treat the plaintiff for his serious medical needs. The fact show that the plaintiff after being assessed by the medical staff required, at a minimum, observation. The denial of even precautionary minimal treatment was negligent or criminal. A layman would readily discern that the requirement of prompt medical attention by health care providers.  (Blackmore 309 F. 3d at 898).  The defendants violated Mr. Sosa's 4th Amendment rights to reasonable medical care and protection from injury.

## IN CLOSING

This plaintiff seeks monetary and punitive relief and is ultimately seeking to find justice for the injuries that he has endured and will continue to endure for the rest of his life. The plaintiffs quality of life has been severely effected as well as shortened by 20 years if not more due to the Constitutional violations that have happened to him and continue to happen daily.

The staffs purposeful denial of adequate treatment to Mr. Sosa's medical needs after he asked the staff for help at the CCA  prison facility was negligent. The medical team sent him back to the housing unit where he suffered a grand mal seizure followed by a massive heart attack. The events that lead up the the cruel actions of the defendants . Furthermore when said defendants realized their mistake in diagnosis they inflicted further injuries by applying six time the recommended doses of Narcan when it was clear that Mr. Sosa was suffering from a heart attack. He had informed them that he was not a drug user.

Prison officials may not entirely insulate themselves from liability under 1983 simply by providing some measure of treatment. Deliberate indifference may be established in cases where it can be shown that a defendant rendered grossly inadequate care or made a decision to take an easier but less efficacious course of treatment (Terrance v. Northville Reg'l Psychiatric Hosp. 286 F. 3d 1248, 1255 (11th cir 1999)). A complaint states a claim when it alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury. (Westlake 537 F.2d at 960: Scott F.3d at 648.

A serious injury and or medical need is one that has been diagnosed by a physician as: mandating treatment or as one that is so obvious that even a layman would easily recognize the necessity for a doctors attention. (Harrison v. Ash 589 F. 3d 510, 518 (6th cir 2008)). To meet the subjective component a complaint must show and plead facts which show that the prison official had sufficiently culpable state of mind ( Farmer v. Brennan 511 U.S. 825, 834, 114. (5th cir 1970), 128 Led 2d 811 (1994), Cornstock v. McCrary, 273 F.3d 693, 834 (6th cir 2001)). Prison officials are liable if

12.

they know of and disregard an excessive risk to prisoners health or safety. The official must be both aware of the facts from which the inference could be drawn and a substantial risk of serious harm exists. In the plaintiffs case he made it known multiple times to officials that he was compromised and not feeling well even after presenting himself to be treated at the medical department. He showed clear signs of high blood pressure, heart conditions and trouble breathing pains in his arm and he felt dizzy. He was still denied treatment for another day. This delay and denial of serious medical needs was irresponsible and reckless. The intentions were deliberate and indifferent to the plaintiff Mr. Sosa.

Plaintiff alleges that Dr. Johnson and Nurse Socyean Shim failed denied and refused to provide adequate treatment for the signs and symptoms of an impending heart attack and willfully refused him adequate and proper medical treatment for his serious medical needs. Core Civic of America Inc is not new to this manner of violation showing a culture and custom of constitutional violations in search of profits relying on their relatively unlimited resources to protect themselves when these violations are brought to light in court. C.C.A has the unique ability to severely limit the plaintiffs access to law library and legal services which has been restricted by 66% since the Plaintiff began preparing this document presenting a glaring constitutional conflict. C.C.A has a well known culture and custom and policy of practice in ignoring the dire needs of imprisoned peoples. The falsification of medical records, altering or destroying, as well as keeping incomplete records has become custom and culture within the powerful private prison system. Lapsed contracts with qualified health care providers leaving health care administrators accessing and making health care decisions for inmates has been recorded at multiple C.C.A. Facilities resulting in denial of specialized care, critical procedures and simple treatment like X-rays and EKG's that are regularly refused to prisons in the effort of improving the bottom line profits of the Private Prison. A private prison simply cannot hold a Constitutional responsibility and a fiduciary responsibility to its shareholders are the same time. Prisoners pay the price of private prisons moving force to make money in exchange for medical indifference that lead to the plaintiffs life long suffering and injuries.

These are the facts: The warden is in charge of the day to day operations at the facility and has duties to insure that the prison facility runs according to the policies that have been made by contractors and company standards. Core Civic prisons are privately run but all core civic employees are protected by federal rules and regulations. In doing so are required to adhere to government standards and must abide by the constitutional policies set in place. The warden has failed to maintain proper oversight of the prison medical department and assisting the medical departments cover up of one anothers wrongdoing in their attempt to thwart justice the wardens inaction and actions amount to deliberate indifference. Denying care to prisoners who need help is a clear violation of the 8th amendment and is a constitutional violation overlooking and turning away from issues related to medical abuse is an act of bad faith. The Warden failed to maintain oversight of its so called professional medical department. That activity violated incarcerated persons constitutional rights by denying medical care. A warden working for a governmental entity (US Marshal Service) that has contracted a private company to due its dirty work with out repercussions or accountability amounts to constitutional deprivations resulting from the entities policy and custom practice.

BASIS FOR JURISDICTION

Under 42 U.S.C. ss 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

13.

A.   Are you bringing suit against ( check all that apply):

   X  Federal Officials ( a Bivens claim)

   X State or Local officials (a ss 1983 claim)

   X Monell liability claim against U.S. Marshals

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. ss 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by sate or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violations of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials:   Deliberate indifference to Plaintiffs 8th Amendment rights.

MONELL LIABILITY CLAIM

Prisoners rights to medical treatment:

The U.S. Constitution 8th Amendment  guarantees the right to b free from cruel and unusual punishment.  This plaintiff asserts a deliberate indifference claim under the U.S. Constitutional  8th amendment and has shown that due to the policies that are financially biased and were the driving force behind the medical staff and CCA and government employees denying Mr. Sosa as well as delaying emergency care after Mr. Sosa rapidly declining.

Following the denial of any medical treatment to his signs of serious medical decline.  The medical staff and its supervising entities knew that denying emergency necessary treatments and care to serious medical needs demonstrates a blatant disregard for prisoner health and safety. These excessive risks are acceptable to a prison for profit model. Because medical treatment is expensive and it is criminal to deny and or refuse emergency treatment to prisoners with no other options.  Anyone who is detained as a pretrial detainee is placed in constitutional peril.  If a federal government or any agent thereof is corruptible then its a gateway to targeted persecution and/or extrajudicial rendition and or execution. These decisions of approval for medical and emergency treatments come from the U.S. Marshals policies.  Many CCA facilities no longer have a U.S. Marshal liaison and the management of these decisions is tasked to Health Care **Administrators** in the absence of any accountability or chain of command.  Health Care Administrators even viewing HIPPA protected files is a violation. In many cases within the CCA private prison structure they are making decisions that only a **qualified health care provider** is legally able to make.  With no onsite U.S. Marshal liaison the only decision is a financial decision.

This is a custom and culture of going through the corporate structure of CCA before approving potentially expensive specialty care or medical treatment.  Bypassing medical "red tape" in order to move forward with what is easiest or least expensive (most profitable for CCA). The plaintiff Mr. Sosa has all the medical documentation and case law that will prove his allegations in towards this entity.

14.

These are official policies set by the U.S. Marshal service and it is illegal to deny someone emergency medical care to save money. If the ruling class can disappear the working class into a two tiered Justice system and then deny them medical care at will for profit, we are back where Blackstone began. Mad Kings and tyrants. Constitutionally this becomes an urgent matter.

## MEDICAL AILMENTS

Mr. Sosa suffers from the following ailments and injuries resulting from his his medical emergency at the Core Civic Inc. facility:

Active problems:

1. Allergic Rhinitis
2. Loss of his right eye
3. CAD (Coronary Artery Disease) (414.00)
4. Cardiac LV ejection fraction 21-30% (793.2)
5. Immune compromised (460)
6. History of Arterial Stent (V45.82)
7. Hypertension (401.9)
8. Presence of combination internal cardiac defibrillator (ICD) and apcemaker (V45.02)
9. Suffers from seizures (plaintiff now requires medication)

Current Medications:

1. Atorvastain Calcium 80MG (1 at bedtime)
2. Chlorpheniramine Maleate 4MG (oral tablet 2x daily)
3. Clopidogrel Bisulfate 75MG (oral tablet 1x daily)
4. Levetiracetam 500MG (oral tablet 2x daily)
5. Lismopril 40MG (oral tablet (1 at bedtime)

## EQUITAL TOLLING AND A CONTINUING HARM VIOLATION CLAIM

A court may equitably toll the statue of limitations to prevent the unjust technical forfeiture of causes of action. Where the defendant would suffer no prejudice Jones v. Blanas, 393 F.3d 918, 928 (9th cir 2004). Equitable tolling is generally appropriate in 42 U.S.C. ss 1983 cases where there is timely notice. Lack of prejudice to the defendant and reasonable and good faith conduct on that part of the plaintiff. Donogue v. Orange City 848 f 2d. 926, 931 (9th cir 1987). Citing Retail clerks union local 948 v. Hub Pharmacy Inc 707 F.2d 1030, 1033 (9th cir 1983) in Hawaii, equitable tolling can toll a statute of limitations if the plaintiff demonstrates 1. that he has been pursuing his right diligently and 2. That some extraordinary circumstances stood in his way (Office of Hawaiian Affairs v. State 133 P. 3d 767, 788 110 Haw 338, 360 (2006)). Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations.

Mr. Sosa is entitled to equitable tolling and his claim should not be barred by the statute of Limitations. Mr. Sosa claims that the two yer Statute of Limitations does not apply to his claims arising between 2022 and 2025 as he has experienced a continuing wrong. Mr. Sosa has pursued his rights diligently and extraordinary circumstances stood in his way. He has been held at the mercy of CCA who have moved him and lost or stolen much of the documentation he has collected and restricted his access to the law library by removing 2/3's of the computer units. English is a Second Language for Mr.

15.

Sosa adding additional challenge to assembling a case in a timely manner. It does not however negate his Constitutional rights under the law. Mr. Sosa has been facing extraordinary circumstances and has suffered from the stacking of unlawful acts while in the CCA custody. It is only now that he is able to achieve the physical and mental coherency to pursue action for the violations of his rights. He is still in custody of those who violated them as they continue to accrue. These entities continually know the substantial risk their organization placed to Mr. Sosa's life as they are the custodian of custody of his medical records and person.  It is demonstrably impossible for that to not present a conflict of interest quantified by the reduction of access to Law library resources. By failing to take reasonable measures to help him overcome his disabilities and lack of resources to file acts like these CCA opens itself up to yet another Constitutional violation but without a Marshal service liason there is no demonstrable accountability.

The plaintiff pray that he has shown the Court all that has happened and continues to happen since he has been in custody.

### EQUITAL TOLLING AND A CONTINUOUS HARM VIOLATION CLAIM

A Court may equitably toll the statute of limitation to prevent the unjust technical forfeiture of causes of action where the defendant would suffer no prejudice. Jones v. Blanas, 393 F3d 918, 928 (9th cir 2004) Equitable tolling is generally appropriate in 42 U.S.C. ss 1983 cases where there is timely notice. Lack of prejudice to the defendant and reasonable and good faith conduct on that part of the plaintiff. Donoghue v. Orange City 848 f2d. 926, 931 (9th cir 1987).  Citing retail clerks Union local 648 v. Hub Pharmacy Inc. 707 F.2d 1030, 1033 (9th cir 1983) in Hawaii, equitable tolling can toll a statute of limitations if the plaintiff demonstrates. That he has been pursuing his right diligently and 2. That some extraordinary circumstance stood in his way. (Office of Hawaiian Affairs v. State 133 P. 3d 767, 877 110 Haw 338, 360, (2006)).  Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statue of limitations.

### TIME BAR ARGUMENT AND THIS CLAIM IS TO OVERCOME TIME BAR

The Continuing Violation claim:

The continuing violation doctrine may delay accrual of the Plaintiffs cause of action. The continuing violation doctrine applies were (1.) The defendants engage in continuing unlawful conduct and (2.) Injury to the plaintiff occurs continuously and (3.) had the defendants at any time ceased their wrongful conduct further injury would have been avoided. A continuing violation is occasioned bu continually unlawful acts not continual ill effects from an original violation thus possive inaction does not support a continuing violation theory.

Here the plaintiff Mr. Sosa is only now able to be coherent enough to start trying to pursue action for his violation of his constitutional rights. He is still in the custody of Core Civic Inc. who has been part of every wrong doing to present:

Core Civic Inc.
U.S. Marshal Service
Steward Health Care Systems
and all mentioned employees have continually caused him to suffer and make it nearly impossible to function day to day.

16.

REQUEST FOR RELIEF

Mr. Sosa believes he is entitled to the following relief: $10,000,000 (ten million dollars)

    (1) Trial by jury
    (2) Compensatory damages: $2,000,000 (two million dollars)
    (3) Punative damages: $4,000,000 (four million dollars)
    (4) Mental and emotional distress: $2,000,000 (two million dollars)
    (5) Pain and Suffering: $2,000,000 (two million dollars)
    (6) Injunctive relief: Address and change to Core Civic of America Inc and the U.S. Marshal service as well as Steward Health Care Systems Inc. and all employees mentioned as defendants in this legal action.

I understand that a false statement of answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE UNTIED STATES OF AMERICA THAT HTE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. ss 1746 and 18 U.S.C. ss 1621. _Ramon Sosa_

_Ramon Sosa_
Abraham Ramon Sosa Montoya

09 / 19 / 2025
Date

CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the above forgoing *Bivens* deliberates indifference to serious medical needs and cruel and unusual punishment and 8th Amendment violation complaint has been served by placing in the United States mail on the day of____ in the month of 09 | 19 | 25 2025.

Address Clerk U.S. DISTRICT COURT
DISTRICT OF ARIZONA UNITED STATES COURTHOUSE
401 West Washington St. #10
Phoenix Arizona 85003