KM

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Abraham Ramon Sosa Montoya,

Plaintiff,

v.

CoreCivic of America Incorporated, et al.,

Defendants.

No.  CV-25-03528-PHX-JAT (CDB)

**ORDER**

Self-represented Plaintiff Abraham Ramon Sosa Montoya, who is confined in the Davis County Jail in Farmington, Utah, has filed a civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  He has also filed an Application to Proceed In Forma Pauperis (Doc. 6).  The Court will dismiss the Complaint with leave to amend.

**I.  Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $48.01.  The remainder

---

[1] Plaintiff raises claims relating to his federal pretrial detention.  Because Plaintiff was a *federal* detainee, 42 U.S.C. § 1983 cannot serve as a jurisdictional basis for his claims.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.") (internal quotations omitted); *Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471, 1473 (9th Cir. 1991) (court may ignore plaintiff's initial mischaracterization of action against federal agents as § 1983 action), *rev'd on other grounds*, 508 U.S. 429 (1993).

JDDL-K

of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

**JDDL-K**

(9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

Plaintiff names the following Defendants in his four-count Complaint: CoreCivic of America Incorporated ("CoreCivic"); the United States Marshals Service; United States Marshal Reyheart; Steward Healthcare Systems; Warden Klein; Dr. Johnson; Registered Nurses Socyeon Shim and Brea Lauson; "IPN" Yoko Vargas; and Nurse Practitioner Guana G.  Plaintiff seeks monetary damages.

Plaintiff alleges that on October 13, 2022, Defendants denied him proper medical care when he was exhibiting signs of a heart attack, in violation of his Eighth and Fourteenth Amendment rights.  While confined in CoreCivic's Central Arizona Florence Correctional Complex (CAFCC), Plaintiff reported to staff that he was experiencing labored breathing and chest pains.  (Doc. 1 at 6.)[2]  Plaintiff was told to fill out a "medical kite" and claims staff told him he would have to "hit the ground dead before he could be seen."  (*Id.*)  Plaintiff submitted a kite to the on-call nurse and was told he would be seen on October 12, 2022.  Plaintiff's symptoms worsened and he repeatedly told officers and the pill call nurse of his need for care.  (*Id.*)  A nurse took his vital signs and "became concerned as she observed high blood pressure, hypertension and possible signs o[f] a heart attack."  (*Id.* at 6-7.)  Defendant Shim called Defendant Johnson and told Johson Plaintiff was "showing signs of an impending heart attack."  (*Id.* at 7.)  Defendant Johnson instructed

---

[2] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

Shim to "set an appointment to be seen later for treatment for hypertension and to send [Plaintiff] back to the housing unit because there was nothing they could do for the plaintiff at that point." (*Id.*)  Plaintiff asked Shim if he would be provided treatment or medication before going back to his unit, and Shim said "no." (*Id.*)

Once back in his unit, Plaintiff's condition continued to degrade and when he tried to drink water before lying down, he fell and "his head hit the concrete floor leading to his seizure as other prisoners performed CPR, keeping the plaintiff alive long enough for the medical team to arrive." (*Id.*)  According to Plaintiff, the CoreCivic logbook noted the medical team arrived 20 minutes after being called. (*Id.*)  Plaintiff was given seven doses of Narcan, "which caused more medical injury in an attempt to cover up the earlier denial of treatment." (*Id.*)  Plaintiff alleges the onsite medical providers "stood by and did [nothing] as other non-medical [individuals] acted in his interest." (*Id.*)  Plaintiff asserts "CoreCivic and Steward Healthcare Systems as well as the U.S. Government and its employees systematically failed the plaintiff and violated his right to be free from cruel and unusual punishment."

Plaintiff further claims that on October 13, 2022,[3] he suffered a massive heart attack while in the custody of Defendants United States Marshals Service, CoreCivic, and Steward Healthcare Systems, Klein, CAFCC, Johson, Shim, Vargas, Larson, Ohison,[4] and Guana G.  Plaintiff claims Defendants acted with deliberate indifference to his serious medical needs by delaying and denying medical care and sending Plaintiff "back to his unit to fend for himself as his health continued to decline." (*Id.*)

In **Count One**, Plaintiff alleges Defendants CoreCivic, Reyheart, Steward Healthcare Systems, Kline, Johnson, Shim, Vargas, Lauson, Ohison, and Guana G. violated his Fourteenth Amendment rights by unreasonably denying and delaying medical

---

[3] In the Complaint, this date is written as October 13, 202**5**, but the remainder of Plaintiff's claims refer to October 13, 202**2**.

[4] Although Ohison is described as a Defendant, Plaintiff has not included Ohison in his list of parties to this lawsuit.

care on October 13, 2022.  He claims he was subjected to unnecessary pain and suffering. (*Id.* at 9.)

In **Count Two**, Plaintiff claims Defendants CoreCivic, Steward Healthcare Systems, United States Marshals Service, Reyheart, Kline, Jonson, Shim, Vargas, Lauson, Ohison, and Guana G. violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs.  Plaintiff alleges Defendants' failure to provide prompt medical care resulted in him suffering a grand mal seizure followed by a massive heart attack.  (*Id.* at 10.)  Plaintiff states he suffered "lifelong injuries" including loss of one eye and 75% loss of vision in the other eye, "respiratory damage," permanent brain damage "due to coding and dying twice," and he now has only 30% heart function and requires a pacemaker.  (*Id.*)

In **Count Three**, Plaintiff alleges he was a pretrial detainee at the time of the incident and Defendants' actions constituted punishment without due process, in violation of the Fifth Amendment.  He also claims Defendants' deliberate indifference to serious medical needs violated his Fifth Amendment rights. (*Id.* at 10-11.)

In **Count Four**, Plaintiff alleges "the 4th Amendment requires reasonableness in response to caring for detainees" and asserts Defendants violated his "4th Amendment rights to reasonable medical care and protection from injury." (*Id.* at 11-12.)

**IV.    Failure to State a Claim**

**A.    Defendants United States Marshals Service and Reyheart**

Sovereign immunity prevents *Bivens* actions against the United States, its agencies, or its employees in their official capacities.  *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983); *see also Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (federal agencies are immune from suit and the district courts lack jurisdiction over them absent express statutory authorization).  Accordingly, Defendants United States Marshals Service and Reyheart (in her official capacity) are immune from suit in this *Bivens* action and will be dismissed.

Plaintiff also purports to bring individual capacity claims against Defendant Reyheart.  A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's allegations fail to plausibly show that Defendant Reyheart was personally involved in the deprivation of his civil rights but rather stem solely from her supervisory role in the U.S. Marshals Service.  Accordingly, Plaintiff fails to state an individual capacity claim against Defendant Reyheart and she will be dismissed.

**B.**     **Defendants CoreCivic and Steward Healthcare Systems**

In *Bivens*, the Supreme Court recognized an implied cause of action for damages for persons injured by federal officers.  However, a remedy does not exist under *Bivens* against private companies acting under color of federal law in operating a prison or providing medical care to prisoners. *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 63 (2001). Accordingly, Plaintiff cannot maintain a *Bivens* claim against Defendants CoreCivic and Steward Healthcare Systems.

**C.**     **Defendants Klein, Johnson, Shim, Vargas, Lauson, and Guana G.**

Similarly, Plaintiff cannot maintain a *Bivens* action against Defendants Klein, Johnson, Shim, Vargas, Lauson, and Guana G.   If the conduct is of a kind that typically falls within the scope of traditional state tort law, a remedy does not exist under *Bivens* against privately employed personnel working at a privately operated federal prison. *Minneci v. Pollard*, 1565 U.S. 118, 131 (2012) ("[W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case.").  A plaintiff may file a state tort lawsuit in state court (or in federal court

if he meets the requirements for diversity or supplemental jurisdiction). Plaintiff has therefore failed to state a claim against Defendants Klein, Johnson, Shim, Vargas, Lauson, and Guana G.

## V.   Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff. Plaintiff may attach no more than **15 pages** to the court-approved form.[5] If Plaintiff chooses to attach additional typed pages, those pages must comply with Local Rule of Civil Procedure 7.1(b)(1) which provides, in relevant part: "The body of all documents shall be typed double-spaced and shall not exceed 28 lines per page . . . [and] shall be in . . . a proportional font size no smaller than 13 point."

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice

---

[5] Local Rule of Civil Procedure 3.4 requires, in part, that "[a]ll complaints . . . by incarcerated persons must be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." The court-approved form Complaint is six pages long and both the form Complaint and accompanying instructions permit an inmate to attach "**no more than fifteen additional pages**" of standard letter-sized paper. (Emphasis in original.)

is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

. . . .

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

JDDL-K

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $48.01.

(3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 24th day of July, 2026.

_____
James A. Teilborg
Senior United States District Judge

JDDL-K

- 9 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

1

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                            U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                    405 West Congress Street
Phoenix, Arizona   85003-2119                         Tucson, Arizona   85701-5010

7.  <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
   A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:     _____
> Address:_____
>           Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

### FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 12/1/23                    1                    **550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as: _____ at _____.
   (Position and Title)                                      (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as: as: _____ at _____.
   (Position and Title)                                      (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title)                                      (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

### D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities       ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?                ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?       ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____ .

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court            ☐ Medical care
☐ Disciplinary proceedings            ☐ Property            ☐ Exercise of religion            ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.    **Administrative Remedies.**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                        ☐ Yes        ☐ No
   b.    Did you submit a request for administrative relief on Count II?          ☐ Yes        ☐ No
   c.    Did you appeal your request for relief on Count II to the highest level?          ☐ Yes        ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                         ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count III?         ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                            DATE                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.