KM

WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Abraham Ramon Sosa Montoya,
Plaintiff,
v.
CoreCivic of America, Inc.,
Defendants.

No. CV-25-03528-PHX-JAT (CDB)

**ORDER**

Self-represented Plaintiff Abraham Ramon Sosa Montoya, who is confined in the Nevada Southern Detention Center and proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In a July 24, 2026 Order, the Court dismissed the Complaint with leave to amend. Pending before the Court is Plaintiff's September 8, 2026 Motion for Leave to Amend (Doc. 16) and lodged First Amended Complaint (Doc. 17).[1] The Court will grant the Motion for Leave to Amend, direct the

[1] Plaintiff's First Amended Complaint is brought only under 42 U.S.C. § 1983. However, Plaintiff's claims concern his federal pretrial detention. Because Plaintiff was a *federal* detainee, 42 U.S.C. § 1983 cannot serve as a jurisdictional basis for his claims. The Court will therefore construe the First Amended Complaint as filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.") (internal quotations omitted); *Antoine v. Byers & Anderson, Inc.*, 950 F.2d 1471, 1473 (9th Cir. 1991) (court may ignore plaintiff's initial mischaracterization of action against federal agents as § 1983 action), *rev'd on other grounds*, 508 U.S. 429 (1993).

Clerk of Court to file the lodged First Amended Complaint, and dismiss the First Amended Complaint and this action.

## I. Motion for Leave to Amend

Because the Court has already granted Plaintiff permission to file a First Amended Complaint, the Court will grant the Motion for Leave to Amend and direct the Clerk of Court to file the lodged First Amended Complaint.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**III. First Amended Complaint**

In his three-count First Amended Complaint, Plaintiff sues: United States Marshal Ray Heart; Steward Healthcare Systems; Dr. Johnson; Nurses Yoko Vargas, Socyeon Shim, Brea Lauson, and Jeanne Ohison; and Nurse Practitioner Guana G. Plaintiff seeks monetary damages.

In Count One, Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. Plaintiff claims that while he was confined in CoreCivic's Central Arizona Florence Corrections Complex (CAFCC), he was "systematically denied medical care." (Doc. 17 at 12.) Plaintiff alleges he "reported to officers and staff that he was experiencing labored breathing and chest pains." (*Id.*) Plaintiff was told to submit a medical request and claims staff told him that "he would have to hit the ground dead before he could be seen." (*Id.* at 15.) Plaintiff "submitted a kite to the on-call nurse passing meds and was told he would be seen on Oct 12, 2022." (*Id.*) Plaintiff's symptoms worsened and he told the nurse of his need for care. Another nurse took his vital signs; she "observed high blood pressure, hypertension and possible signs of a heart attack." (*Id.* at 15-16.)

Defendant Shim called Defendant Johnson and told Johnson that Plaintiff "was showing signs of an impending heart attack." (*Id.* at 16.) Defendant Johnson instructed Defendant Shim to "set an appointment to be seen later for treatment for hypertension and send [Plaintiff] back to the unit to fend for himself" because "there was nothing they could do for the Plaintiff at that point." (*Id.*)

Plaintiff returned to his unit without treatment and his condition continued to degrade. When Plaintiff tried to drink water, he fell and hit his head on the concrete floor, "leading to his seizure." (*Id.*) Other prisoners performed CPR, "keeping the Plaintiff alive long enough for the medical team to arrive" twenty minutes later. Plaintiff states he was given "seven doses of Narcan to try and cover up any negligence." (*Id.*) Plaintiff contends onsite medical providers "stood by and did nothing as other non-medical individuals acted to save his life." (*Id.*) Plaintiff claims "Defendants violated his constitutional right to be free from cruel and unusual punishment" because they were "deliberately indifferent to his serious medical needs." (*Id.* at 17.) Plaintiff states that on October 13, 2022, he suffered a massive heart attack "while in the hands of Steward Healthcare systems and their employees Doctor Johnson, Nurse Shim, Nurse Lauson, Nurse Ohison, and Nurse Practitioner Guana G." (*Id.*)

In Count Two, Plaintiff alleges Defendants Heart, Steward Healthcare Systems, Johnson, Vargas, Shim, Lauson, Ohison, and Guana G. "violated his Eighth Amendment rights through professional negligence when they . . . were deliberately indifferent to his serious medical needs." (*Id.* at 18.) Plaintiff claims "all the named defendants had a direct involvement in failing to provide proper medical care" and, as a result, Plaintiff suffered a grand mal seizure and a massive heart attack. (*Id.*) Plaintiff claims he suffered "lifelong injuries[,] . . . the loss of one eye and 75% loss of vision in the other eye, respiratory damage, permanent brain damage due to coding and dying twice[,] and now has only 30% heart function and requires a pacemaker." (*Id.*)

In Count Three, Plaintiff alleges the same facts and asserts his Fourth Amendment rights were violated because the Fourth Amendment "requires reasonableness in response to caring for prisoners in custody." (*Id.* at 19.)

## IV. Failure to State a Claim

### A. Defendant Heart

As the Court explained in its previous Order, sovereign immunity prevents *Bivens* actions against the United States, its agencies, or its employees in their official capacities.

*Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983); *see also Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (federal agencies are immune from suit and the district courts lack jurisdiction over them absent express statutory authorization). Accordingly, Defendant Heart, in her official capacity, is immune from suit in this *Bivens* action and will be dismissed.

Plaintiff also purports to bring individual capacity claims against Defendant Heart. A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff alleges Defendant Heart is "in charge of overseeing . . . the day[-]to[-]day operation at the Central Arizona Detention Center" and "has a duty to ensure that prisoners . . . are being properly tak[en] care of while in the care of the U.S. Marshal[] Service." Plaintiff's allegations fail to plausibly show that Defendant Heart was *personally* involved in the deprivation of his civil rights but rather stem solely from her supervisory role in the United States Marshals Service. Accordingly, Plaintiff fails to state an individual capacity claim against Defendant Heart, and she will be dismissed.

**B. Defendant Steward Healthcare Systems**

In *Bivens*, the Supreme Court recognized an implied cause of action for damages for persons injured by federal officers. However, a remedy does not exist under *Bivens* against private companies acting under color of federal law in operating a prison or providing medical care to prisoners. *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 63 (2001). Accordingly, Plaintiff cannot maintain a *Bivens* claim against Defendant Steward Healthcare Systems and the Court will dismiss this Defendant.

. . . .

. . . .

**C. Defendants Johnson, Shim, Vargas, Lauson, and Guana G.**

Similarly, Plaintiff cannot maintain a *Bivens* action against Defendants Johnson, Shim, Vargas, Lauson, and Guana G. If the conduct is of a kind that typically falls within the scope of traditional state tort law, a remedy does not exist under *Bivens* against privately employed personnel working at a privately operated federal prison. *Minneci v. Pollard*, 1565 U.S. 118, 131 (2012) ("[W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law[,] . . . the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case."). A plaintiff may file a state tort lawsuit in state court (or in federal court if he meets the requirements for diversity or supplemental jurisdiction). Plaintiff has therefore failed to state a claim against Defendants Johnson, Shim, Vargas, Lauson, and Guana G. because they are privately employed personnel working at a privately operated federal prison.

**V. Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Because Plaintiff's First Amended Complaint suffers from the same deficiencies as the original Complaint, the Court finds that further opportunities to amend would be futile.[2]

---

[2] Plaintiff's claims also appear to be barred by the statute of limitations. The applicable statute of limitations in an action under *Bivens* is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1). Accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*,

Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Leave to Amend (Doc. 16) is **granted**; the Clerk of Court **must file** the lodged First Amended Complaint (lodged at Doc. 17).

(2) The First Amended Complaint is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 9th day of November, 2026.

James A. Teilborg
Senior United States District Judge

---

549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, to be timely, Plaintiff's claims must have accrued no more than two years before his Complaint was filed on September 25, 2025. Plaintiff's claims accrued on October 13, 2022, and Plaintiff has not alleged facts that would permit tolling of the statute of limitations.